IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| EXXON MOBIL CORPORATION, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| NIELSEN SPIRITS, INC. and | § | |
| ANGELA M. NIELSEN, | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants. | § | |

## COMPLAINT

Exxon Mobil Corporation ("ExxonMobil") files this Complaint against Nielsen Spirits, Inc. and Angela M. Nielsen ("Defendants"), alleging as follows:

## PARTIES

1. Plaintiff ExxonMobil is a New Jersey corporation having its principal place of business at 5959 Las Colinas Boulevard, Irving, Texas 75039.

2. Defendant Nielsen Spirits, Inc. is an Arizona corporation with a principal place of business at 2740 E. Friess Drive, Phoenix, Arizona 85032.

3. Defendant Angela M. Nielsen is an individual with an address of 2740 E. Friess Drive, Phoenix, Arizona 85032. Ms. Nielsen is the active, moving force behind the infringing activities set forth herein, having personally applied for trademark protection for Defendants' infringing logo, and otherwise having personally directed and controlled the infringing activities described herein.

## NATURE OF ACTION AND JURISDICTION

4. This is an action for trademark infringement, dilution, unfair competition, unjust enrichment, and refusal of registration under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and for trademark infringement, unfair competition, dilution, and unjust enrichment under the laws of the state of Florida.

5. This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code §§ 1331 and 1338, and supplemental jurisdiction over ExxonMobil's claims under state law pursuant to 28 U.S.C. § 1367(a).

6. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Accordingly, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

7. On information and belief, a substantial part of the events giving rise to the acts complained of herein occurred in this District. Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

8. Defendants are subject to personal jurisdiction in Florida under Fla. Stat. § 48.193(1)(a)(2) because they have committed tortious acts within this state, including trademark infringement, dilution and unfair competition likely to cause consumer confusion and causing Plaintiff to suffer harm in Florida. For purposes of example only, Defendants sponsored the Ultra Music Festival in Miami in March 2015, where, according to their own advertising, Defendants promoted their confusingly similar logos to a half a million people at this three-day event. See Composite **Exhibit A**, which is a page from Defendants' internet website and related Facebook posts.

**FACTS**

**I.      ExxonMobil's Trademarks**

9.      ExxonMobil, along with its predecessors and affiliates, is the world's largest publicly traded international oil and gas company.

10.     Since at least as early as 1971, ExxonMobil has continuously used the mark EXXON in a design form in which the X's are represented as an interlocking X design, such as in the famous EXXON Emblem, shown in, *inter alia*, U.S. Reg. No. 968,512 and the mark EXXON (Stylized), shown in, *inter alia*, U.S. Reg. No. 3,736,429. These design marks are shown below.

 

11.     Since at least as early as 1987, ExxonMobil has also continuously used the Interlocking X Device as a stand-alone mark to promote its sale of motor fuels and other products and services, as shown in, *inter alia*, Reg. No. 2,305,494 and below.



12.     Since at least as early as 2000, ExxonMobil has continuously used the mark and trade name "ExxonMobil" in a design form that incorporates the Interlocking X Device as shown in, *inter alia*, Reg. No. 2,791,743 and below.

**ExxonMobil**

ExxonMobil's interlocking X marks, including the Exxon Emblem, mark EXXON (Stylized), Interlocking X Device, and ExxonMobil logo identified in paragraphs 9-11 herein, are hereinafter collectively referred to as ExxonMobil's "Interlocking X Marks."

13. ExxonMobil has used its Interlocking X Marks in connection with the sale and promotion of gasoline, motor oil, other petroleum products, chemical products, and various services.

14. ExxonMobil's Interlocking X Marks constitute a family of marks. Many of ExxonMobil's Interlocking X Marks are used and promoted together, and are used on or in connection with related or complementary goods and services. When used with such goods and services, relevant consumers recognize and rely upon ExxonMobil's Interlocking X Marks as an indicator of origin.

15. EXXON stations are among the most widespread and recognizable gasoline stations in the United States. There are thousands of EXXON branded retail stations in the United States with billions of dollars in annual sales. Many EXXON stations, including in this District, include fuel dispensers that prominently feature the Interlocking X Marks, such as in the example below.



Over the years, ExxonMobil has invested great effort and resources promoting its EXXON stations in this District and elsewhere in the United States, and spent many millions of dollars advertising them.

16. ExxonMobil, one of the world's largest companies, has received significant media attention, and many millions of consumers have viewed its Interlocking X Marks in that context.

17. ExxonMobil has invested many millions of dollars for more than four decades in advertising and promoting its Interlocking X Marks and the goods and services sold under those marks, with the result that the purchasing public in this District and elsewhere in the United States has come to know, rely upon, and recognize the goods and services of ExxonMobil by those marks. ExxonMobil has established valuable goodwill in its Interlocking X Marks. ExxonMobil's Interlocking X Marks have become well known to consumers everywhere.

18. Through ExxonMobil's extensive use and promotion of its Interlocking X Marks, its marks have become famous and consumers in this District and elsewhere in the United States have come to recognize the marks as such, and to associate the marks uniquely with ExxonMobil and its goods and services.

19. In addition to its extensive common law rights, ExxonMobil owns numerous federal trademark registrations for its Interlocking X Marks, including by way of example only U.S. Reg. No. 968,512 for the Exxon Emblem, U.S. Reg. No. 3,736,429 for the mark EXXON (Stylized), U.S. Reg. No. 2,305,494 for the Interlocking X Device, and U.S. Reg. No. 2,791,743 for the ExxonMobil logo. Each of these registrations is valid and subsisting, and Reg. Nos. 968,512, 2,305,494, and 2,791,743 are incontestable under 15 U.S.C. § 1065. Attached hereto as **Exhibit B** are copies of these registrations.

20. ExxonMobil has actively policed and protected its Interlocking X Marks, and has on numerous occasions taken action against others who used or attempted to register other marks incorporating similar interlocking X designs. Because of these actions, ExxonMobil's use of the interlocking X design featured in its Interlocking X Marks has been substantially exclusive.

**II. Defendants' Unlawful Activities**

21. Defendants offer and sell vodka.

22. Defendants identify and promote their products using the mark ROXX VODKA in a stylized form featuring the letters "XX" in an interlocking design, shown below (the "ROXX VODKA Logo").



23. Defendants also use a stand-alone interlocking X design on products bearing the ROXX VODKA Logo, as shown below.

6

  

24. On February 4, 2013, Defendant Angela M. Nielsen filed Application Serial No. 85/840,513 with the United States Patent and Trademark Office ("USPTO") for the mark ROXX VODKA XX in design form, shown below (the "ROXX VODKA XX Logo"), for "Distilled Spirits," in International Class 33, alleging first use on January 27, 2013. ExxonMobil filed Opposition No. 91220636 in the USPTO's Trademark Trial and Appeal Board opposing registration of this designation as a trademark.



Defendants' interlocking X designations, including the ROXX VODKA Logo and all other designations that contain an interlocking X design that are used by Defendants, are hereinafter referred to as the "Interlocking ROXX VODKA Logos."

7

25. Defendants use the Interlocking ROXX VODKA Logos in this District and elsewhere in the United States.

26. On information and belief, Defendants offer and promote the Interlocking ROXX VODKA Logos and products sold under them at events in this District and elsewhere in the United States.

27. Defendants promote products for sale under the Interlocking ROXX VODKA Logos to consumers in the United States, including on Defendants' interactive website, http://roxxvodka.com/, on which consumers can contact Defendants directly.

28. Defendants' advertisements promoting the Interlocking ROXX VODKA Logos, including Defendants' website http://roxxvodka.com/ and social media pages, are readily accessible to residents of this District and elsewhere in the United States.

29. Defendants' unauthorized use of the Interlocking ROXX VODKA Logos began after ExxonMobil's Interlocking X Marks became famous.

30. Defendants are not affiliated with or sponsored by ExxonMobil. Defendants' use of the Interlocking ROXX VODKA Logos is without the permission or authority of ExxonMobil.

31. ExxonMobil, through counsel, has notified Defendants of its rights in the Interlocking X Marks and Defendants' infringement and dilution of those marks, but Defendants have continued their use of the Interlocking ROXX VODKA Logos.

**III. Effect of Defendants' Activities on ExxonMobil and the Consuming Public**

32. Defendants' unauthorized use of the Interlocking ROXX VODKA Logos is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties in this District and elsewhere in the United States as to an affiliation, connection, or

association of Defendants' business with ExxonMobil, or as to the origin, sponsorship, or approval of Defendants' products by ExxonMobil.

33. Defendants' unauthorized use of the Interlocking ROXX VODKA Logos falsely indicates to the purchasing public that Defendants, their business, and their products are affiliated, connected, or associated with ExxonMobil, or are sponsored, endorsed, or approved by ExxonMobil, or are in some manner related to ExxonMobil or its goods or services.

34. Defendants' unauthorized use of the Interlocking ROXX VODKA Logos falsely designates the origin of Defendants' products, and falsely or misleadingly describes and represents facts with respect to Defendants and its products.

35. Defendants' unauthorized use of the Interlocking ROXX VODKA Logos is likely to cause dilution by blurring and dilution by tarnishment of ExxonMobil's famous Interlocking X Marks in this District and elsewhere in the United States.

36. Defendants' unauthorized use of the Interlocking ROXX VODKA Logos enables Defendants to trade on and receive the benefit and goodwill built up at great labor and expense over many years by ExxonMobil, and to gain acceptance for Defendants' products and business not solely on Defendants' own merits, but on the reputation and goodwill of ExxonMobil and its marks, goods, and services.

37. Defendants' unauthorized use of the Interlocking ROXX VODKA Logos removes from ExxonMobil the ability to control the nature and quality of goods and services provided under its marks, and places the valuable reputation and goodwill of ExxonMobil in the hands of Defendants, over whom ExxonMobil has no control.

38. As a result of Defendants' unauthorized use of the Interlocking ROXX VODKA Logos, Defendants are being unjustly enriched at the expense of ExxonMobil and the public in this District and elsewhere in the United States.

39. Unless these acts by Defendants are restrained by this Court, Defendants will continue to cause irreparable injury to ExxonMobil and to the public in this District and elsewhere in the United States for which there is no adequate remedy at law.

## IV. Willful Nature of Defendants' Wrongful Acts

40. Defendants' acts of infringement, dilution, and unfair competition complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of ExxonMobil's rights. In view of the egregious nature of Defendants' actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

41. ExxonMobil repeats paragraphs 1-40 as if fully set forth herein.

42. The acts of Defendants complained of herein constitute infringement of ExxonMobil's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43. ExxonMobil has been damaged by Defendants' acts of federal trademark infringement.

44. Defendants' infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

## COUNT II: VIOLATION OF LANHAM ACT SECTION 43(a)

45. ExxonMobil repeats paragraphs 1-40 as if fully set forth herein.

46. The acts of Defendants complained of herein constitute trademark infringement, false designations of origin, false or misleading descriptions or representations of fact and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. ExxonMobil has been damaged by Defendants' acts of trademark infringement, false designations of origin, false or misleading descriptions or representations of fact and unfair competition.

48. Defendants' acts of trademark infringement, false designations of origin, false or misleading descriptions or representations of fact and unfair competition have been and are willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

## COUNT III: FEDERAL TRADEMARK DILUTION

49. ExxonMobil repeats paragraphs 1-40 as if fully set forth herein.

50. The acts of Defendants complained of herein constitute dilution by blurring and dilution by tarnishment of ExxonMobil's famous Interlocking X Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

51. Defendants willfully intend to trade on the recognition of the famous Interlocking X Marks and to harm their reputation.

52. ExxonMobil has been damaged by Defendants' acts of federal trademark dilution.

## COUNT IV: FLORIDA COMMON LAW UNFAIR COMPETITION

53. ExxonMobil repeats the allegations in paragraphs 1-40 as if fully set forth herein.

54. The acts of Defendants complained of herein constitute trademark infringement and unfair competition in violation of the common law of the State of Florida.

## COUNT V: DILUTION UNDER FLORIDA STATE LAW

55. ExxonMobil repeats the allegations in paragraphs 1-40 as if fully set forth herein.

56. The acts of Defendants complained of herein constitute trademark dilution in violation of Fla. Stat. § 495.151.

## COUNT VI: UNJUST ENRICHMENT

57. ExxonMobil repeats the allegations in paragraphs 1-40 as if fully set forth herein.

58. The acts of Defendants complained of herein constitute unjust enrichment of Defendants at ExxonMobil's expense.

59. ExxonMobil has been damaged by Defendants' acts of unjust enrichment.

## COUNT VII: REFUSAL OF REGISTRATION

60. ExxonMobil repeats the allegations in paragraphs 1-40 as if fully set forth herein.

61. This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Defendant Angela Nielsen's right to registration of the ROXX VODKA XX Logo.

62. Defendants' ROXX VODKA XX Logo, the subject of Application Serial No. 85/840,513, so resembles the Interlocking X Marks as to be likely to cause confusion, or to cause mistake, or to deceive. Registration should therefore be refused under 15 U.S.C. § 1052(d).

63. Defendants' ROXX VODKA XX Logo is likely to cause dilution by blurring or dilution by tarnishment of ExxonMobil's famous Interlocking X Marks, individually and collectively, and registration should therefore be refused under 15 U.S.C. § 1125(c).

64. ExxonMobil petitions the Court to order the USPTO to refuse registration of the applications for Defendants' ROXX VODKA XX Logo, Serial No. 85/840,513, pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201.

## PRAYER FOR RELIEF

WHEREFORE, ExxonMobil prays that:

a) Defendants, Defendants' agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined from using the Interlocking ROXX VODKA Logos, including any element or variation thereof, and any other designation confusingly similar thereto;

b) Defendants be ordered to file with this Court and to serve upon ExxonMobil, within 30 days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

c) ExxonMobil recover all damages it has sustained as a result of Defendants' infringement, dilution, and unfair competition, and that said damages be trebled;

d) An accounting be directed to determine Defendants' profits resulting from Defendants' wrongful activities, and that such profits be paid over to ExxonMobil, increased as the Court finds to be just under the circumstances of this case;

e) The Court determine that Defendant Angela M. Nielsen is not entitled to registration of Defendants' ROXX VODKA XX Logo, and certify an order

pursuant to 15 U.S.C. § 1119 refusing registration of Application Serial No. 85/840,513 to the USPTO Director, who shall make appropriate entry upon the records of the USPTO and shall be controlled thereby;

f) ExxonMobil recover its reasonable and necessary attorney fees under 15 U.S.C. § 1117;

g) ExxonMobil recover its costs of this action and prejudgment and post-judgment interest; and

h) ExxonMobil recover such other relief as the Court may find appropriate.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), ExxonMobil demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

Date: October 27, 2015

/s/Matthew S. Nelles
Matthew S. Nelles
Florida Bar No. 009245
mnelles@broadandcassel.com
BROAD & CASSEL
One Financial Plaza, Suite 2700
100 S.E. Third Avenue
Fort Lauderdale, Florida 33394
(954) 764-7060
(954) 761-8135 (fax)

Stephen P. Meleen (*pro hac vice pending*)
Tyson D. Smith (*pro hac vice pending*)

PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX 78701
(512) 322-5200
(512) 322-5201 (Fax)

**ATTORNEYS FOR PLAINTIFF
EXXON MOBIL CORPORATION**