UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-24022-CIV-MARTINEZ/GOODMAN

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:15-CV-24022-JEM |
| NIELSEN SPIRITS, INC. and ANGELA M. NIELSEN, | § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

## CONSENT FINAL JUDGMENT

The parties having agreed to the entry of this Final Judgment finally disposing of this action, the Court hereby enters the following findings of fact, conclusions of law, and Order as agreed upon by the parties:

1. Plaintiff Exxon Mobil Corporation ("ExxonMobil") is a New Jersey corporation having its principal place of business at 5959 Las Colinas Boulevard, Irving, Texas 75039.

2. Defendant Nielsen Spirits, Inc. is an Arizona corporation with a principal place of business at 2740 E. Friess Drive, Phoenix, Arizona 85032.

3. Defendant Angela M. Nielsen is an individual with an address of 2740 E. Friess Drive, Phoenix, Arizona 85032.

4. Each party has had the full opportunity to confer with counsel about this dispute and the terms of this Final Judgment, and is entering into this Final Judgment without relying on any statements or representations by the other party or its attorneys.

5. Since at least as early as 1971, ExxonMobil has continuously used the mark EXXON in a design form in which the X's are represented as an interlocking X design, such as in the famous

1

EXXON Emblem, shown in, *inter alia*, U.S. Reg. No. 968,512 and the mark EXXON (Stylized), shown in, *inter alia*, U.S. Reg. No. 3,736,429. These design marks are shown below.

 

6. Since at least as early as 1987, ExxonMobil has also continuously used the Interlocking X Device as a stand-alone mark to promote its sale of motor fuels and other products and services, as shown in, *inter alia*, Reg. No. 2,305,494 and below.



7. Since at least as early as 2000, ExxonMobil has continuously used the mark and trade name "ExxonMobil" in a design form that incorporates the Interlocking X Device as shown in, *inter alia*, Reg. No. 2,791,743 and below.

ExxonMobil

ExxonMobil's interlocking X marks, including the Exxon Emblem, mark EXXON (Stylized), Interlocking X Device, and ExxonMobil logo identified in paragraphs 5-7 herein, are hereinafter collectively referred to as ExxonMobil's "Interlocking X Marks."

8. ExxonMobil has used its Interlocking X Marks in connection with the sale and promotion of gasoline, motor oil, other petroleum products, chemical products, and various services.

9. The Interlocking X Marks are famous and consumers have come to associate those marks uniquely with ExxonMobil and its goods and services.

10. Defendants offer and sell vodka.

11. Defendants identify and promote their products using the mark ROXX VODKA in a stylized form featuring the letters "XX" in an interlocking design, shown below (the "ROXX VODKA Logo").



12. Defendants also use a stand-alone interlocking X design on products bearing the ROXX VODKA Logo, as shown below (the "XX Logo").



13. On February 4, 2013, Defendant Angela M. Nielsen filed Application Serial No. 85/840,513 with the United States Patent and Trademark Office ("USPTO") for the mark ROXX

3

VODKA XX in design form, shown below (the "ROXX VODKA XX Logo"), for "Distilled Spirits," in International Class 33, alleging first use on January 27, 2013.

ROXX
V DK

Defendants' interlocking X designations, including the ROXX VODKA Logo, the XX Logo, the ROXX VODKA XX Logo, and all other designations that contain an interlocking X design that are used by Defendants, are hereinafter referred to as the "Interlocking ROXX VODKA Logos."

14. ExxonMobil has objected to the use and registration of the Interlocking ROXX VODKA Logos based on its Interlocking X Marks. ExxonMobil filed Opposition No. 91220636 in the USPTO's Trademark Trial and Appeal Board opposing registration of the ROXX VODKA XX Logo as a trademark, and subsequently filed this action.

15. The parties have reached a confidential agreement resolving this dispute (the "Settlement Agreement") in which Defendants have agreed to cease use of the Interlocking ROXX VODKA Logos pursuant to a phase-out schedule set out in the agreement. ExxonMobil has agreed it will not interfere with, oppose, or object to Defendants' use or registration of the mark ROXX VODKA in a form that does not: (1) incorporate the Interlocking X Marks; (2) incorporate two X's represented as an interlocking X design formed from three strokes, where the X's share one of the strokes; or (3) include the appearance of a three-stroke interlocking X design. ExxonMobil has further agreed that the design form of the ROXX VODKA logo shown directly below (the "Non-Interlocking ROXX VODKA Logo") is acceptable and complies with the foregoing criteria. ExxonMobil has further agreed that the standalone single X displayed on the bottle designs shown

directly below (the "Single X Design") is acceptable and complies with the same foregoing criteria, so long as the Single X Design does not interlock or overlap with any other Single X Design.



**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

a) Defendants, Defendants' officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them, are permanently enjoined from using the Interlocking ROXX VODKA Logos, and any other mark that is confusingly similar to any of the Interlocking X Marks, except as authorized in the phase-out schedule in the Settlement Agreement.

b) Defendants, Defendants' officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them, are required to immediately cease any use of the Interlocking ROXX VODKA Logos, and any other mark that is confusingly similar to the Interlocking X Marks, except as authorized in the phase-out schedule in the Settlement Agreement.

c) Each party shall bear its own expenses and attorney fees incurred in this action.

d) This is a consented Final Judgment to which all parties waive all rights of appeal.

e) The Court shall retain jurisdiction over this Final Judgment for the purpose of resolving any disputes arising under the Final Judgment, and any violation of this Order shall be punishable as a contempt of Court, in addition to any and all other remedies available at law or in equity.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of November, 2016.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record

**AGREED AND ENTRY REQUESTED:**

_/s/ ml_   10/17/16

Matthew S. Nelles
Florida Bar No. 009245
mnelles@broadandcassel.com
BROAD & CASSEL
One Financial Plaza, Suite 2700
100 S.E. Third Avenue
Fort Lauderdale, FL 33394
(954) 764-7060
(954) 761-8135 (fax)

Stephen P. Meleen (*admitted pro hac vice*)
Tyson D. Smith (*admitted pro hac vice*)
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX 78701
(512) 322-5200
(512) 322-5201 (Fax)

**ATTORNEYS FOR PLAINTIFF
EXXON MOBIL CORPORATION**

_/s/_

Christopher Todd
Florida Bar No. 72911
INTER ALIA LEGAL, APC
10950 Moorpark St.
Studio City, CA 91602
Telephone: (818) 452-4529
Facsimile: (818) 301-3211

**ATTORNEY FOR DEFENDANTS
NIELSEN SPIRITS, INC. AND ANGELA
M. NIELSEN**